## JAMES L. SLAY VS. CHARLOTTE FARLEY.

J. D. S. NEWELL, Special Judge. Where the mules on a plantation are not mentioned in the mortgage, nor in the sheriff's notice of seizure, appraisement, advertisement and act of sale, it will be held that the mules attached to the plantation were not mortgaged nor sold.

2. Where a receipt between two parties specifies that one of them still owes the other a specified amount, unless explained, said receipt will be presumed to evidence a full settlement of all prior claims between the parties.

## AUGUST BROTHERS VS. LATNER APPLEBAUM.

REEVES LEWIS, Special Judge. None but creditors can sue out an attachment; where plaintiffs had assigned their claim before suit, the attachment will be set aside, and the suit dismissed.

## J. P. RICHARDSON VS. LATNER & APPELBAUM.

GUNBY, J. Where a country merchant sells goods in unbroken packages and unusual quantities, he is doing business out of the usual course and may be attached.

2. Duplicity and misrepresentations to his creditors, and refusal to let them see his books, furnish good ground for attaching a debtor.

## HARRIET LEMON VS. O. R. RICHARDSON.

GUNBY, J. Where slaves lived together as man and wife, with the knowledge of their owner, his consent to their marriage will be presumed, and their union was complete without any rite, form or ceremony.

2. Where such relations existed between a male and a female slave at the moment of their emancipation, their marriage became civilly effectual, and their marriage to another without a divorce would be bigamy. Neither the edict of their church, nor their voluntary separation, could dissolve the legal tie that sprang into existence between them.

3. Where two persons hold themselves out as man and wife, live together as such, take the same name and call their offspring thereby, they will be morally estopped from denying their marriage. Their conduct imposes upon them all the burdens, without conferring any of the advantages of matrimony before the law.